## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WADE T. VERGES CONSTRUCTION COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO:    07-4303** |
| **AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY** | **SECTION: "C" (4)** |

### ORDER AND REASONS

Before the Court is defendant American Empire Surplus Lines Insurance Company's ("American Empire") Motion for Summary Judgment. (Rec. Doc. 32). Based on the memoranda by parties, the record, and the applicable law, this Court DENIES defendant's motion for summary judgment for the reasons below.

**I.      Background**

Wade T. Verges is the sole owner of two companies: Wade T. Verges Construction Company and 7500 Bullard Avenue L.L.C. The property at 7500 Bullard Avenue, insured by American Empire, sustained heavy damage during Hurricane Katrina. Wade T. Verges Construction Company is listed as the named insured for the property, but the legal owner of said property is 7500 Bullard Avenue L.L.C. American Empire has paid plaintiff $448, 557.59 for damages under his policy.

**II.     Legal Standard**

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all

inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir.1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Hopper v. Frank*, 16 F.3d 92 (5th Cir.1994); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir.1992).

"An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Civil Code." *Louisiana Ins. Guar. Ass'n v. Interstate Fire and Cas. Co*, 630 So.2d 759, 763 (1994). "The judicial responsibility in interpreting insurance contracts is to determine the parties' common intent." *Id*. (*citing* La. C.C. art.2045 (defining contractual interpretation as "the determination of the common intent of the parties")). "As [with] other written agreements, insurance policies may be reformed if, through mutual error or fraud, the policy as issued does not express the agreement of the parties." *Samuels v. State Farm Mut. Auto. Ins. Co.*, 939 So.2d 1235, 1240 (2006). "In the absence of fraud, the party seeking reformation has the burden of proving a mutual error in the written policy." *Id*. "Parole evidence is admissible to show mutual error even though the express terms of the policy are not ambiguous." *Id*.

2

### III.    Discussion

Defendant American Empire seeks summary judgment regarding plaintiff Wade T. Verges Construction Company's lack of insurable interest in the 7500 Bullard Avenue property.  (Rec. Doc. 32) .  Plaintiff argues that although he is not the legal owner, he nevertheless has an "insurable interest" in the property.  (Rec. Doc.39) In the alternative, plaintiff argues the contract may be reformed to reflect the true intentions of the parties.

According to La.R.S. 22:614,

> A. No contract of insurance on property or of any interest therein or arising therefrom shall be enforceable except for the benefit of persons having an insurable interest in the things insured.
> B. "Insurable interest" ... means any lawful and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage.

If loss or damage to the property does not expose the insured to "either direct, immediate or potential financial loss or liability," the insured does not have an insurable interest. *Armenia Coffee Corp. v. American Nat. Fire Ins. Co*, 946 So.2d 249, 254 (La.App. 4 Cir. 2006).  Ownership of the property is not required to establish an insurable interest. *Young v. State Farm Fire & Cas. Ins. Co.*, 426 So.2d 636, 640 (La.App. 1 Cir. 1982)(internal citations omitted).   Louisiana courts have found that a non-owner's substantial investment in property gives rise to an insurable interest. *See Young*, 426 So.2d at 640 (holding that plaintiff had an insurable interest in the house owned by his son since he had invested time and money in its construction and was in actual possession of the house for three or four months before the accident); *Brewster v. Michigan Millers Mut. Ins. Co.*, 274 So.2d 213, 217 (La.App. 2 Cir.1973) (finding that plaintiff had an insurable interest in a home that he had built and to which he retained the right of occupancy and right to collect rent); *Knighten v. North British & Mercantile Ins. Co.*, 116 So.2d 516, 519 (1959) (holding that plaintiff had an insurable

interest in homes that he built and from which he collected rent).

Plaintiff's evidence that Wade T. Verges Construction Company, the named insured, has a "lawful and substantial economic interest" is an affidavit by Wade T. Verges identifying himself as the sole owner of both 7500 Bullard L.L.C. and Wade T. Verges Construction Company.  Plaintiff argues that a loss to either corporation is a loss to Mr. Verges as the overall owner and therefore the named insured has an economic interest in the preservation of the property. Logic dictates that if one of the companies owned by Verges suffers financial hardship, that hardship could reverberate back through the common owner and impact the financial stability of the other.  At a minimum, the plaintiff has created a genuine issue of material fact as to whether the named insured has an insurable interest in the property under the policy as currently written.

Plaintiff also argues that the contract should be reformed to reflect the true intentions of the parties at the time. "A written contract of insurance can be reformed to conform to the original intention of parties thereto, whether for mutual error or for fraudulent, negligent, or mistaken conduct on part of agency issuing policy." *Fontenot v. American Fidelity Fire Ins. Co.*, 386 So.2d 165 (La.App.3.Cir. 1980) "[E]quitable reformation of any insurance policy by judicial fiat requires caution and restraint." *Taylor v. Audubon Ins. Co.*,  357 So.2d 912, 914 (La.App.4 Cir. 1978).  But when "an  insurance policy within the actual intention of the parties is issued for the protection of another than the named insured, the insurer may be held to have afforded such protection by the policy, or to be estopped to deny it; and the policy may be equitably reformed to show the true intention of the parties in this regard."  *Maggio v. State Farm Mutual Ins.*, 123 So. 2d. 901 (La. Ct. App. 1 Cir. 1960).

Again, the plaintiff has provided sufficient evidence of a genuine issue of material fact as

to whether the insurance policy should be equitably reformed.  Defendant knew that plaintiff was not the legal owner of the property at least as early as October 25, 2006. The affidavit by the owner of plaintiff corporation, Wade T. Verges, raises a question of fact as to whether the insurance policy resulted from a mutual mistake at the time of the policy issuance.  Whether or not the policy was the result of mutual mistake, as in *Maggio*, is a question of fact for the jury.

Accordingly,

IT IS ORDERED that defendant's Motion for Summary Judgment (Rec. Doc. 32) is DENIED.

New Orleans, Louisiana, this 10th day of November, 2008.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**