# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WADE T. VERGES CONSTRUCTION COMPANY | CIVIL ACTION |
| VERSUS | NO: 07-4303 |
| AMERICAN EMPIRE SURPLUS LINES INSURANCE COMPANY | SECTION: "C" (4) |

## ORDER AND REASONS

Before the Court is defendant American Empire Surplus Lines Insurance Company's ("American Empire") Motion for Summary Judgment. (Rec. Doc. 49). Based on the memoranda by parties, the record, and the applicable law, this Court DENIES defendant's motion for summary judgment for the reasons below.

## I. Background

Wade T. Verges is the sole owner of two companies: Wade T. Verges Construction Company and 7500 Bullard Avenue L.L.C. The property at 7500 Bullard Avenue, insured by American Empire, sustained heavy damage during Hurricane Katrina. Wade T. Verges Construction Company is listed as the named insured for the property, but the legal owner of said property is 7500 Bullard Avenue L.L.C. American Empire has paid plaintiff $448, 557.59 for damages under his policy.

## II. Legal Standard

Summary judgment is only proper when the record indicates that there is not a "genuine issue

as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir.1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Hopper v. Frank*, 16 F.3d 92 (5th Cir.1994); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir.1992).

**III.    Discussion**

Defendant first seeks summary judgment as to plaintiff's lack of an insurable interest in the property at issue. This Court has previously held that whether or not plaintiff possessed an insurable

2

interest in the property based on Mr. Verges' ownership of both companies presents a genuine issue of material fact most appropriately decided by a jury. (Rec. Doc. 46.) Likewise whether the policy should be equitably reformed to reflect the true intentions of the parties. The policy listed the correct property sought to be insured. If the named insured, Wade T. Verges Construction Company, did not technically own that property, but another company owned by the same overall owner did, then an error unnoticed and unintended by both parties may well have occurred. Nothing in defendant's current motion for summary judgment undermines those findings. Instead defendant argues that a host of other reasons, such as lack of a perfected lien or lack of right of occupancy, prevent the Construction Company from having an insurable interest. Any such finding would not impact this Court's previous holding, namely that plaintiff's insurable interest in the property is a question of fact for the jury. Accordingly, the Court declines to revisit defendant's argument.

Second, defendant claims that plaintiff has already been indemnified for its loss and therefore plaintiff's claim should be dismissed. Defendant claims that at most plaintiff's repairs total $205,794.55 and plaintiff has therefore been overcompensated for his loss. As evidence, defendant attaches plaintiff's answer to an interrogatory and an accounting of costs issued July 2008. (Rec. Doc. 49-6; Rec. Doc. 49-7.) However, plaintiff's interrogatory answer dated July 7, 2008 clearly indicates that the expenses "thus far" total $205,794.55. (Rec. Doc. 49-6.) In addition, plaintiff's deposition testimony indicates that the repairs are currently ongoing. (Rec. Doc. 50-2 at 6.) Last, plaintiff provides a repair estimate for 7500 Bullard Avenue totaling $1,105,647.37 without overhead, sales tax or mark-up. (Rec. Doc. 50-3.). The value and extent of the damage is a genuine

contested issue of fact between the parties and therefore is inappropriate for summary judgment.

Accordingly,

IT IS ORDERED that defendant's Motion for Summary Judgment (Rec. Doc. 49) is DENIED.

New Orleans, Louisiana, this 4th day of May, 2009.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**